

**ORDERED in the Southern District of Florida on February 2, 2026.**

_Scott M. Grossman_
_____
**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

PENELOPE ANN JOHNSON,                Case No. 25-13004-SMG

    Debtor.                              Chapter 7

_____/

**ORDER (I) GRANTING SUMMARY JUDGMENT TO SHARON
MUSCELLA AND PETER SOBOTA, (II) DENYING ALL OTHER PENDING
MOTIONS, AND (III) CANCELING FEBRUARY 5, 2026 HEARING**

Attorney Peter Sobota represents Sharon Muscella in a highly contested
eviction action against Debtor Penelope Ann Johnson. Ms. Johnson filed a chapter 7
bankruptcy petition on March 21, 2025. Four days later, on March 25, 2025,
Mr. Sobota on behalf of Ms. Muscella extended a pre-petition writ of garnishment in
connection with that state court litigation. Extending this writ of garnishment after
Ms. Johnson filed for bankruptcy violated the automatic stay of 11 U.S.C. § 362(a).
Under 11 U.S.C. § 362(k), an individual injured by any willful violation of the

automatic stay is entitled to recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Mr. Sobota and Ms. Muscella contend that any violation of the automatic stay was not willful because, at the time Mr. Sobota extended the writ of garnishment, neither Mr. Sobota nor Ms. Muscella knew that Ms. Johnson had filed for bankruptcy.[1] They now move for summary judgment on this issue.[2]

Leading up to and then after moving for summary judgment, both Mr. Sobota (on behalf of himself and Ms. Muscella) and Ms. Johnson (who is representing herself) flooded the Court with a myriad of motions, objections, responses, replies, discovery requests, declarations, exhibits, and other filings.[3] Wading through this morass, it is clear there is still unresolved state court litigation – and significant animosity – between Mr. Sobota and Ms. Muscella, on the one hand, and Ms. Johnson and her non-debtor husband, Glen-Derrick Johnson, on the other hand. But within this Court's limited subject matter jurisdiction, all that this Court must determine is whether Mr. Sobota and Ms. Muscella willfully violated the automatic stay when Mr. Sobota served the continuing writ of garnishment four days after Ms. Johnson filed her chapter 7 bankruptcy petition.

For the reasons that follow – and based on a thorough review of the materials cited to in the record – the Court concludes that Ms. Johnson has failed to produce

---

[1] Dkt. No. 52, at ¶ 2.
[2] Dkt. No. 111.
[3] *See* Dkt. Nos. 52, 55, 58, 59, 60, 61, 62, 67, 68, 69, 70, 71, 72, 73, 74, 79, 80, 84, 85, 86, 87, 91, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 107, 108, 109, 111, 112, 113, 114, 115, 116, 117, 120, 121, 122, 123, 124, 127, 128, 131, 132, 133, 134, 135, 137, 139, 142.

any evidence that Mr. Sobota or Ms. Muscella knew about Ms. Johnson's bankruptcy when Mr. Sobota extended the writ of garnishment. Accordingly, as a matter of law their violation of the automatic stay was not willful. And because it was not willful, Ms. Johnson is not entitled to any damages. The Court will therefore grant Mr. Sobota and Ms. Muscella's motion for summary judgment. Based on this determination – and given the Court's limited subject matter jurisdiction in this fully-administered chapter 7 bankruptcy case in which the debtor has already received a discharge – all other pending motions will be denied and the February 5, 2026 hearing scheduled in this case will be canceled.

## I.    Background.

In 2024, Ms. Muscella moved to evict Ms. Johnson from her rental property after Ms. Johnson failed to leave when her lease ended. Mr. Sobota is counsel of record for Ms. Muscella in the state court eviction case against Ms. Johnson.[4] In that action, Ms. Muscella obtained a final judgment for eviction on October 18, 2024,[5] and a fee award against Ms. Johnson on January 6, 2025.[6] Shortly thereafter, the Broward County Clerk of Court issued writs of garnishment to Navy Federal Credit Union on January 29, 2025, and to Broward County, Florida (Ms. Johnson's employer) on February 6, 2025.[7]

---

[4] *Muscella v. Johnson et al.*, Case No. COWE24000070 (Fla. Cnty. Ct. Broward Cnty.).
[5] *See* Sobota Declaration, Ex. B (Dkt. No. 111).
[6] *See* Sobota Declaration, Ex. C (Dkt. No. 111).
[7] *See* Sobota Declaration, Exs. D-G (Dkt. No. 111).

On March 21, 2025, Ms. Johnson then filed a voluntary chapter 7 bankruptcy petition.[8] Four days later, on March 25, 2025, Mr. Sobota (as counsel for Ms. Muscella) filed a notice extending the existing writ of garnishment directed to Navy Federal Credit Union. Neither Ms. Johnson nor her then-bankruptcy counsel[9] filed a suggestion of bankruptcy in the state court eviction action.[10] Ms. Johnson's bankruptcy case proceeded in due course, and on June 20, 2025, Ms. Johnson received a chapter 7 discharge.[11]

On September 4, 2025, Ms. Johnson filed a motion[12] to enforce the discharge injunction and for sanctions against Ms. Muscella and Mr. Sobota for violating the automatic stay by filing the March 25, 2025, notice extending the writ of garnishment. Mr. Sobota filed a verified response[13] in opposition to the motion for sanctions, asserting that he did not receive notice of Ms. Johnson's bankruptcy filing until April 2, 2025, and that the *only* alleged post-petition action taken by Mr. Sobota on behalf of Ms. Muscella – the March 25, 2025, notice extending the writ of garnishment – occurred before he had notice of the bankruptcy case. When the Court conducted a hearing[14] on Ms. Johnson's motion for sanctions on October 1, 2025, however, neither Ms. Muscella nor Mr. Sobota appeared. As a result – and based on

---

[8] Dkt. No. 1.

[9] Although she filed this chapter 7 bankruptcy case through an attorney, after the trustee concluded her administration of the case and Ms. Johnson received a discharge, on July 30, 2025, the Court granted Ms. Johnson's attorney's motion to withdraw. (Dkt. No. 45). From that point on, Ms. Johnson has been representing herself.

[10] It is undisputed that Mr. Sobota ultimately filed the suggestion of bankruptcy in the eviction action on April 17, 2025. *See* Mot. for Sanctions, Ex. C (Dkt. No. 49).

[11] Dkt. No. 27.

[12] Dkt. No. 49.

[13] Dkt. No. 52, at ¶¶ 4-8.

[14] *See* Notice of Hearing (Dkt. No. 50).

the materials submitted by Ms. Johnson in support of her motion – the Court granted Ms. Johnson's motion in part, determining that the continuing garnishment violated the automatic stay and the discharge injunction.[15] The Court then set an evidentiary hearing to determine whether Ms. Johnson was entitled to sanctions against Ms. Muscella and Mr. Sobota under 11 U.S.C. § 362(k) for willfully violating the automatic stay.[16]

Mr. Sobota then filed a verified response[17] in opposition to the imposition of sanctions, reiterating his argument that sanctions are unwarranted because he did not receive notice of Ms. Johnson's bankruptcy filing until April 2, 2025. After the parties conducted discovery, Ms. Muscella and Mr. Sobota moved for summary judgment,[18] arguing it is undisputed that they did not have notice of Ms. Johnson's bankruptcy filing when the March 25, 2025, notice extending the writ of garnishment was filed and that as a result, any violation of the automatic stay was not willful as a matter of law. Ms. Johnson filed several responses[19] in opposition to the motion, and Ms. Muscella and Mr. Sobota filed a reply[20] to those responses.

An evidentiary hearing[21] to determine whether Ms. Johnson is entitled to sanctions against Ms. Muscella and Mr. Sobota is currently scheduled for February 5, 2026. Other related motions are also set for hearing at that time.[22] Upon

---

[15] *See* Order (Dkt. No. 57).
[16] *Id.*
[17] Dkt. No. 67.
[18] Dkt. No. 111.
[19] Dkt. Nos. 131, 132, 133, 134, 135, 137.
[20] Dkt. No. 139.
[21] Dkt. No. 88.
[22] *See* Dkt. Nos. 85, 86, 90.

consideration of Mr. Sobota and Ms. Muscella's motion for summary judgment, the related briefs, and the materials in the record, however, the Court will grant the motion for summary judgment for the reasons discussed below. And as further discussed below, based on the Court's decision to grant summary judgment, the remaining matters set for hearing will be denied either as moot or on the merits.

## II.    Summary Judgment Standard.

Federal Rule of Civil Procedure 56(a)[23] requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party.[25] The moving party has the burden of establishing that there is an absence of any genuine issue of material fact.[26] Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact.[27] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[28] The Court will not weigh the evidence or

---

[23] Made applicable here by Federal Rules of Bankruptcy Procedure 7056 and 9014(c)(1).
[24] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).
[25] *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).
[26] *Celotex*, 477 U.S. at 323.
[27] *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990).
[28] Fed. R. Civ. P. 56(c)(1).

find facts at the summary judgment stage. Rather, the Court determines only whether there is sufficient evidence upon which the fact-finder – in this case, the Court – could find for the non-moving party.[29] Based on its thorough review of the record here, there is insufficient evidence upon which the Court could find for Ms. Johnson that Mr. Sobota and Ms. Muscella knew about Ms. Johnson's bankruptcy case when Mr. Sobota filed a notice extending a writ of garnishment on March 25, 2025.

## III.   Jurisdiction to Enforce the Stay.

The Court begins its analysis – as it must – with the question of jurisdiction. "Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute."[30] Under 28 U.S.C. § 1334(a), district courts have original and exclusive jurisdiction of all cases under the Bankruptcy Code.[31] And under 28 U.S.C. § 1334(b), district courts have original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code.[32] 28 U.S.C. § 157(a) then provides that each district court may refer any or all of its cases under the Bankruptcy Code and any or all proceedings arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code to the bankruptcy judges

---

[29] *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).
[30] *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020).
[31] 28 U.S.C. § 1334(a).
[32] 28 U.S.C. § 1334(b).

for the district.[33] The District Court has done so here through its standing *Order of Reference*.[34] As this Court explained in its *In re Jimenez* decision:

> Although the terms "arising under," "arising in," and "related to" may sound colloquial, they actually have very precise meanings that have developed under the case law. A proceeding "arising under" the Bankruptcy Code is "one based in a provision of the Bankruptcy Code itself." Examples of "arising under" proceedings include claims to avoid preferences and fraudulent transfers under 11 U.S.C. §§ 547 and 548, respectively. A proceeding "arising in" a bankruptcy case is one that is not based on any right expressly created by the Bankruptcy Code, but which would have no practical existence outside of the bankruptcy case. Examples of "arising in" proceedings include determinations of the validity, extent, or priority of liens; allowance or disallowance of claims against the estate; and other matters affecting administration of the bankruptcy estate.[35]

With respect to Ms. Johnson's motion requesting sanctions for violation of the automatic stay and Ms. Muscella and Mr. Sobota's related motion for summary judgment, the Court has "arising under" jurisdiction. This is because a motion to enforce the automatic stay and the discharge injunction is a civil proceeding that arises under specific provisions of the Bankruptcy Code, here 11 U.S.C. §§ 362 and 524.

## IV.    Other Disputes Pending in this Court.

As to the myriad other disputes between Ms. Johnson and her husband, on the one hand, and Ms. Muscella and Mr. Sobota, on the other hand, any other requests for relief from this Court will be denied as discussed next.

---

[33] 28 U.S.C. § 157(a).
[34] Dist. Ct. Admin. Order 2024-84 (Nov. 1, 2024); *see also* Dist. Ct. Loc. R. 87.2.
[35] *In re Jimenez*, 627 B.R. 536, 540 (Bankr. S.D. Fla. 2021) (internal citations omitted).

8

Ms. Johnson's motion "Regarding Harassment by New Counsel and Request for Relief"[36] attaches to it an unfiled motion for sanctions against Ms. Johnson under Federal Rule of Bankruptcy Procedure 9011 that was purportedly served on her by attorney David Langley, who represents Mr. Sobota and Ms. Muscella in this bankruptcy case. As such, the Court will treat Ms. Johnson's motion as an opposition to a Rule 9011 motion that has not been filed. Because it has not been filed, however, the Court cannot rule on the merits of the Rule 9011 motion or Ms. Johnson's responsive motion "Regarding Harassment by New Counsel and Request for Relief."[37] Merits aside, however, serving a motion under Rule 9011 on another party in a bankruptcy case is a right provided by the Federal Rules of Bankruptcy Procedure. Thus, there is nothing facially improper about Mr. Langley having done so. To the extent Ms. Johnson's motion seeks any justiciable relief on this issue at this time, her motion will be denied.

Ms. Johnson also has pending another "emergency" motion for sanctions against Ms. Muscella and Mr. Sobota for allegedly orchestrating a willful violation of the automatic stay.[38] The crux of the argument in this motion is that on December 4, 2025, the property manager for the property that Ms. Muscella leased to Ms. Johnson violated the automatic stay by serving on Ms. Johnson a lease termination notice that purportedly constituted an "act to obtain possession of property of the estate" in violation of 11 U.S.C. § 362(a)(3). But in a chapter 7 bankruptcy case, under 11 U.S.C.

---

[36] Dkt. No. 86.
[37] *Id.*
[38] Dkt. No. 105.

§ 365(d)(1) if the trustee does not assume or reject an unexpired lease of residential real property within 60 days of the petition date, as a matter of law that lease is deemed rejected. The trustee in this case did not assume or reject the lease within 60 days of the petition date. Thus, as of May 20, 2025, the lease was deemed rejected. Under 11 U.S.C. § 365(g), rejection constitutes a breach of such lease. With the lease having been rejected and therefore breached as a matter of law, and with the trustee having filed a notice on July 28, 2025, that she will not be administering any assets in this case,[39] any purported effort to terminate the lease under state law cannot constitute an action to obtain possession of property of the estate and therefore does not violate the automatic stay.[40] This motion will be denied on the merits as well.

Any other disputes between Ms. Johnson, on the one hand, and Ms. Muscella and Mr. Sobota, on the other hand, that do not seek to enforce the discharge injunction[41] arise under state law and do not "arise under" the Bankruptcy Code or "arise in" a case under the Bankruptcy Code. The only way the Court would have subject matter jurisdiction over these lingering disputes would be if they were "related to" a case under the Bankruptcy Code. To determine whether a civil proceeding is sufficiently related to a bankruptcy case to confer federal jurisdiction under 28 U.S.C. § 1334(b), the Eleventh Circuit adopted the Third Circuit's "*Pacor*" test, which states that:

---

[39] Dkt. No. 44.

[40] Moreover, in a chapter 7 case, it would be the trustee – not the debtor – who would have the right to enforce this provision of the Bankruptcy Code.

[41] The automatic stay terminated when Ms. Johnson received her discharge. *See* 11 U.S.C. § 362(c)(2)(C).

10

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.[42]

Here, Ms. Johnson has already received her bankruptcy discharge,[43] and the chapter 7 trustee has certified that she has fully administered Ms. Johnson's bankruptcy estate.[44] The remaining disputes between Ms. Johnson, on the one hand, and Mr. Sobota and Ms. Muscella, on the other hand, could not conceivably have an effect on her fully administered chapter 7 bankruptcy estate. The Court therefore lacks subject matter jurisdiction over these disputes and to the extent there are any other pending requests for relief not specifically addressed herein, they are all denied for lack of subject matter jurisdiction.

## V.    Conclusions of Law as to Willful Violation of the Automatic Stay.

The filing of a bankruptcy case operates as an automatic stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."[45] This means that once a bankruptcy case is filed, the Bankruptcy Code provides "a debtor with a breathing spell from creditors, stopping all collection efforts,"[46] including the continuation of an action or proceeding to

---

[42] *In re Brit. Am. Ins. Co. Ltd.*, 488 B.R. 205, 222 (Bankr. S.D. Fla. 2013) (quoting *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) and *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *see also Jimenez*, 627 B.R. at 541.

[43] Dkt. No. 27.

[44] Dkt. No. 44.

[45] 11 U.S.C. § 362(a)(6).

[46] *In re Meredith*, 672 B.R. 802, 805 (Bankr. S.D. Fla. 2025).

recover a claim against the debtor that arose before the commencement of the case.[47] The automatic stay remains in place until entry or denial of discharge or, alternatively, until dismissal or closure of a bankruptcy case.[48] Here, Ms. Johnson asserts that Ms. Muscella and Mr. Sobota violated the automatic stay by filing the March 25, 2025, notice extending the writ of garnishment in the eviction action, and that sanctions are warranted under 11 U.S.C. § 362(k).

A.    11 U.S.C. § 362(k) Requires "Willful" Violation.

Under 11 U.S.C. § 362(k), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Thus, it is not enough that a violation of the stay occurred; that violation must have been "willful." A stay violation is willful if the party who violated the stay (1) knew the automatic stay was in effect, and (2) intended the actions that violated the stay.[49] "It does not matter whether the violator specifically intended to violate the stay; all that matters is that the violator intended to perform the act"[50] while knowing that the automatic stay was in effect.

B.    The Violation Here Was Not Willful.

Ms. Muscella and Mr. Sobota contend that they did not receive notice of the bankruptcy filing until April 2, 2025, when they received the official *Notice of Chapter*

---

[47] 11 U.S.C. § 362(a)(1).
[48] *Meredith*, 672 B.R. at 805; *see also* 11 U.S.C. § 362(c)(2).
[49] *In re Lyubarsky*, 615 B.R. 924, 929 (Bankr. S.D. Fla. 2020) (citing *Jove Eng'g v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1555 (11th Cir. 1996)).
[50] *Meredith*, 672 B.R. at 806.

*7 Bankruptcy Case*[51] generated by the Clerk of Court. This contention is supported by the sworn declarations[52] of Ms. Muscella and Mr. Sobota and by the Bankruptcy Noticing Center's certificate of mailing on the docket,[53] which states that the *Notice of Chapter 7 Bankruptcy Case* was sent by first class mail on March 26, 2025 – one day *after* the filing of the continuation of the writ of garnishment – to "Peter Sobota, Esq, 12555 Orange Drive, Suite 209, Fort Lauderdale, FL 33330-4304."

The evidence submitted by Ms. Muscella and Mr. Sobota suffices to meet their summary judgment burden of showing that no genuine dispute of material fact exists as to whether they had notice of Ms. Johnson's bankruptcy case as of March 25, 2025. The burden then shifts to Ms. Johnson to produce evidence of specific facts creating a genuine dispute as to this material fact. Ms. Johnson has failed to meet that burden. She has produced no evidence that she filed any suggestion of bankruptcy in the eviction action.[54] After giving the parties an opportunity to conduct discovery, the best evidence Ms. Johnson has of a genuine dispute of material fact as to whether Mr. Sobota and Ms. Muscella knew Ms. Johnson had filed for bankruptcy when Mr. Sobota served the continuation of the writ of garnishment on March 25, 2025 is the following screenshot of the sent mail folder of someone's mobile phone:

---

[51] Dkt. No. 7.

[52] The declarations are attached to the motion for summary judgment as Exhibit A (Muscella Declaration) and Exhibit B (Sobota Declaration).

[53] Dkt. No. 9.

[54] In fact, upon learning of the bankruptcy and then speaking with the chapter 7 trustee, it was Mr. Sobota who eventually filed a suggestion of bankruptcy in the eviction action on April 17, 2025.



Viewing this evidence in the light most favorable to Ms. Johnson, as is required at the summary judgment stage, the Court cannot conclude that Ms. Johnson has met her burden of presenting specific facts showing the existence of a genuine dispute of material fact.

All this screenshot shows is that on March 21, 2025, someone sent an email to "Peter at SobotaLaw" with the subject line "Fwd: Bankruptcy Filing." Even if an email was sent to Mr. Sobota on March 21, 2025 informing him that Ms. Johnson had filed for bankruptcy, there is no evidence that Mr. Sobota received or saw the email. To the contrary, Mr. Sobota submitted an overwhelming quantum of evidence that he had – well before the date of this email – blocked all incoming emails from the email account "mrrsjhnson@icloud.com" due to a litany of vile, inappropriate, and threatening emails that had been sent from that email address to Mr. Sobota.[55]

His declaration further notes that on March 22, 2025 one state court judge terminated the Johnsons' pro se status based on emails they had sent to Mr. Sobota which the state court described as "beyond inappropriate and of such a crude and

---

[55] *See* Sobota Declaration, at ¶ 17 and Ex. A (Dkt. No. 111). Mr. Sobota emailed Ms. Johnson and her husband at mrrsjhnson@icloud.com on December 21, 2023, and informed them that "your e-mails are now permanently blocked" and that "[a]ny and all further communication from you must be in writing sent via U.S. Mail." *See* Sobota Declaration, Ex. A (Dkt. No. 111). Mr. Sobota's declaration also states that his wife's employer had similarly blocked emails from this same email address "to prevent aggravated cyberstalking and death threats directed to my wife." *See* Sobota Declaration, at ¶ 15 (Dkt. No. 111).

vulgar nature that the Court will not reproduce them here."[56] Four days later another state court judge called the contents of communications from this email address to Mr. Sobota "inappropriate and vulgar in nature."[57] After Mr. Sobota blocked these emails and informed the Johnsons he was doing so, according to his declaration he then set up an email processing rule that automatically routed all emails from the "mrrsjhnson@icloud.com" email address to a separate folder, so that he could access them if needed in litigation or to provide to law enforcement.[58]

At bottom, the most Ms. Johnson has to support a willful violation of the stay is the screenshot above. She does not, however – after being given the opportunity to conduct discovery[59] – have any evidence that Mr. Sobota or Ms. Muscella actually knew Ms. Johnson had filed for bankruptcy when Mr. Sobota filed the continuing writ of garnishment on March 25, 2025. The Court therefore concludes there is no genuine dispute that neither Mr. Sobota nor Ms. Muscella knew at that time that Ms. Johnson had filed for bankruptcy.

Based on this undisputed material fact, neither Mr. Sobota nor Ms. Muscella willfully violated the automatic stay by serving the continuing writ of garnishment. Mr. Sobota and Ms. Muscella are therefore entitled to judgment as a matter of law on

---

[56] Sobota Declaration, at ¶ 14 (Dkt. No. 111).

[57] Mr. Sobota has included the text of many of these emails in his various submissions to this Court. This Court agrees that the emails are not only crude, inappropriate, and vulgar, but also threatening. This Court likewise will not reproduce them here.

[58] Sobota Declaration, at ¶ 17 (Dkt. No. 111).

[59] Based on the history between the parties in the state court, on December 4, 2025, this Court presided over Ms. Johnson's depositions of Ms. Muscella and Mr. Sobota. *See* Dkt. No. 88. None of the parties, however, have filed any transcripts of those depositions with this Court. Accordingly, although this Court presided over those depositions, this Court has not considered any of the deposition testimony in its ruling here.

this issue, because under 11 U.S.C. § 362(k), only an individual injured by a "willful" violation of the automatic stay is entitled to recover damages. Because there was no willful violation of the automatic stay, Ms. Johnson is not entitled to any damages. Accordingly, it is

**ORDERED** that:

1. Ms. Muscella and Mr. Sobota's motion for summary judgment[60] is **GRANTED**.

2. Ms. Muscella and Mr. Sobota did not willfully violate the automatic stay when Mr. Sobota served a continuing writ of garnishment on March 25, 2025.

3. Ms. Johnson is not entitled to any damages under 11 U.S.C. § 362(k).

4. All other pending motions filed by Ms. Johnson, Mr. Sobota, or Ms. Muscella are **DENIED**.

5. The February 5, 2026, hearing in this case is **CANCELED**.

###

*Copies furnished to all interested parties by the Clerk of Court.*

---

[60] Dkt. No. 111.

16