

**ORDERED in the Southern District of Florida on March 11, 2026.**

Scott M. Grossman, Chief Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

PENELOPE ANN JOHNSON,                    Case No. 25-13004-SMG

      Debtor.                                   Chapter 7

_____/

## ORDER DENYING (I) MOTION TO ALTER OR AMEND JUDGMENT, (II) MOTION FOR ADMINISTRATIVE REVIEW, AND (III) MOTION TO RECUSE

On February 2, 2026, the Court issued an Order[1] granting summary judgment to creditor Sharon Muscella and interested party Peter Sobota, ruling that Ms. Muscella and Mr. Sobota did not willfully violate the automatic stay when Mr. Sobota served – post-petition – a continuing writ of garnishment on March 25, 2025. As a result, the Court held that debtor Penelope Ann Johnson was not entitled to any damages under 11 U.S.C. § 362(k).[2] On February 17, 2026, Ms. Johnson filed

---

[1] Dkt. No. 145.

[2] *Id*. at 16.

three motions, all of which relate to her disagreement with the Court's summary judgment ruling:

- Motion to Alter or Amend Judgment;[3]
- Motion for Administrative Review;[4] and
- Motion to Recuse Judge Scott M. Grossman.[5]

After carefully considering Ms. Johnson's motions, the response[6] filed by Ms. Muscella and Mr. Sobota, and Ms. Johnson's reply,[7] the Court concludes that each of the motions is without merit.

## I. <u>Motion to Alter or Amend Judgment.</u>

In her Motion to Alter or Amend Judgment, Ms. Johnson cites Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023. Although Rule 59(e) grants courts authority to alter or amend a judgment, it does not list the grounds on which a court may do so. The Eleventh Circuit has stated that the "only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."[8] "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"[9] Although Ms. Johnson disagrees with the Court's ruling,

---

[3] Dkt. No. 150.

[4] Dkt. No. 152.

[5] Dkt. No. 154.

[6] Dkt. No. 157.

[7] Dkt. No. 158.

[8] *MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)); *see Trump v. Cable News Network, Inc.*, 2023 WL 8433599, at *1 (S.D. Fla. 2023) (quoting *U.S. v. Dean*, 838 Fed. App'x 470, 471-72 (11th Cir. 2020)).

[9] *Shuler v. Garrison*, 718 Fed. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Trump*, 2023 WL 8433599, at *1 ("[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." (internal quotation marks omitted) (quoting *Great Lakes Ins. SE v. Boat Rental*

nothing in her motion establishes any grounds to alter or amend the ruling under Rule 59(e).

Ms. Johnson asserts that the Court's summary judgment ruling was "substantively incorrect" and that it "was reached through a procedurally improper 'ambush' summary judgment," depriving her of a "meaningful opportunity to be heard." Ms. Johnson essentially makes two arguments. First, she argues that the Court should not have granted summary judgment without giving her an opportunity to present evidence at an evidentiary hearing that had been set, but which the Court canceled as a result of granting summary judgment. Second, she argues that the Court improperly faulted her for not filing the transcripts of the deposition testimony of Ms. Muscella and Mr. Sobota, when the Court presided over their depositions.[10]

The Court conducted hearings in this matter on October 1, 2025,[11] October 27, 2025,[12] and November 12, 2025.[13] The Court then entered a scheduling order on November 14, 2025.[14] While that scheduling order did set an evidentiary hearing for February 5, 2026, that scheduling order also set a December 12, 2025 deadline for parties to move for summary judgment and set a briefing schedule in the event a party did timely move for summary judgment.

---

*Miami, Inc.*, 2020 WL 264674, at *6 (S.D. Fla. 2020))); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004) (defining manifest error as an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

[10] *See* Dkt. No. 88; *see also* Dkt. No. 149 at 41:13-42:4; 43:13-44:11; 46:7-47:11.
[11] Dkt. No. 50.
[12] Dkt. No. 65.
[13] Dkt. No. 81.
[14] Dkt. No. 88.

As the Court explained at the November 12 hearing:

> And then after all of that, Mr. Langley [counsel for Ms. Muscella and Mr. Sobota], if the facts are where [*sic*] you contend they are, Rule 7056 can apply, does apply in a contested matter through Rule 9014. So if you think there's no genuine dispute as to any material fact, and your clients are entitled to judgment as a matter of law, you can file a motion for summary judgment, and Ms. Johnson can oppose it, if she sees fit to oppose it within the contours of Rule 56, and I'll decide whether we need to have a trial.[15]

Later in the hearing – after rejecting the request of counsel for Ms. Muscella and Mr. Sobota to move for summary judgment *before* Ms. Johnson could take the depositions of Ms. Muscella and Mr. Sobota[16] – the Court discussed with the parties a summary judgment briefing schedule.[17] After settling on a briefing schedule, the Court stated that "in case [Ms. Muscella and Mr. Sobota] for whatever reason, don't move for summary judgment, we'll continue the evidentiary hearing [on Ms. Johnson's request for sanctions for allegedly willful violation of the automatic stay] to February 5th at 9.30 a.m."[18] The Court then concluded with a warning that "if you timely move for summary judgment, I may cancel that hearing so that I can rule on the summary judgment motion, okay?"[19]

Ms. Muscella and Mr. Sobota timely moved for summary judgment.[20] Ms. Johnson then made numerous filings in response to their motion.[21] In accordance

---

[15] Dkt. No. 149 at 42:5-13.
[16] *Id.* at 46:12-48:24.
[17] *Id.* at 49:16-50:8.
[18] *Id.* at 50:10-13.
[19] *Id.* at 50:14-16. The Court also noted alternatively "Or I may set an oral argument on the summary judgment motion for that hearing, okay – for that day." *Id.* at 50:18-20.
[20] Dkt. No. 111.
[21] Dkt. Nos. 131, 132, 133, 134, 135, 137

with the briefing schedule, Ms. Muscella and Mr. Sobota then filed a reply.[22] Although not permitted or invited by the scheduling order, Ms. Johnson then filed a sur-reply.[23] After considering the motion for summary judgment, responses, reply, sur-reply, and other materials in the record, the Court determined there was no genuine dispute as to any material fact and that Ms. Muscella and Mr. Sobota were entitled to judgment as a matter of law.

This is precisely how Federal Rule of Civil Procedure 56,[24] which governs motions for summary judgment, works. The whole point of summary judgment is to allow the Court to decide a case (or part of a case) without a trial or evidentiary hearing if there is no real dispute about the material facts and one side is entitled to prevail as a matter of law. And "it is 'well settled' in the Eleventh Circuit that a court is not required to hold an oral hearing before deciding a summary judgment motion."[25] Due process only "requires that notice and an opportunity for hearing be provided before a person's rights may be determined in an action."[26] By setting a summary judgment deadline, setting a briefing schedule[27] that gave Ms. Johnson four weeks to respond, and setting a deadline for the movants to reply – and then by considering Ms. Johnson's multiple responsive filings[28] including her uninvited sur-

---

[22] Dkt. No. 139.

[23] Dkt. No. 142.

[24] Federal Rule of Civil Procedure 56 applies to contested matters – like Ms. Johnson's motion for sanctions – in bankruptcy cases through Federal Rules of Bankruptcy Procedure 9014(c)(1) and Federal Rule of Bankruptcy Procedure 7056.

[25] *In re Darrell*, 660 B.R. 401, 408 (M.D. Fla. 2024) (citing *Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (citations omitted)).

[26] *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

[27] *See* Dkt. No. 88 (providing that "[i]f a timely summary judgment motion is filed, any response must be filed by January 9, 2026, and any reply may be filed by January 23, 2026.").

[28] Dkt. Nos. 131, 132, 133, 134, 135.

reply[29] – the Court afforded Ms. Johnson with all required due process before granting Ms. Muscella's and Mr. Sobota's motion for summary judgment.

As for the Court not considering the deposition testimony of Ms. Muscella and Mr. Sobota, the Court did not do so because Ms. Johnson did not provide transcripts of their testimony to the Court. While the Court took the unusual step in this case of presiding over their depositions, the Court did so not as a fact finder but instead to "keep the peace,"[30] "rule on objections,"[31] "rule on claims of privilege,"[32] and to "make sure it goes smoothly and doesn't get out of hand."[33] This was done given certain allegations about the conduct of state court proceedings that resulted in two different judges prohibiting Ms. Johnson and her husband from proceeding there without an attorney.[34] As the party opposing summary judgment, if Ms. Johnson believed their deposition testimony supported her position, it was incumbent upon her to file those transcripts with the Court.[35] She did not do so, and so the Court did not consider their testimony in its ruling.[36] Indeed, this is exactly what Rule 56(c)(3) contemplates by providing that a court "need consider only the *cited* materials."[37] Accordingly, the Court not relying on deposition testimony that Ms. Johnson failed to provide to the

---

[29] Dkt. No. 142.

[30] Dkt. No. 149 at 44:1.

[31] *Id.* at 41:16.

[32] *Id.* at 41:16-17.

[33] *Id.* at 41:17-18.

[34] *Id.* at 36:2-19.

[35] *See Polk v. S. Comfort Conversions*, 2005 WL 8157953, at *1 n. 1 (N.D. Ala. 2005) ("Rule 56(c) of the Federal Rules of Civil Procedure 'saddles the non-movant with the duty to "designate" the specific facts in the record' supporting his claim." (quoting *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996))).

[36] *See* Dkt. No. 145 at 15 n. 59.

[37] Fed. R. Civ. P. 56(c)(3) (emphasis added).

Court does not violate her due process rights and is not grounds to alter or amend the summary judgment ruling under Rule 59(e).

## II.    <u>Motion for Administrative Review.</u>

Ms. Johnson's Motion for Administrative Review[38] asserts generalized allegations of procedural irregularities, constitutional violations, and judicial misconduct, but fails to identify any specific legal error, cite supporting authority, or establish a basis for the requested "administrative review." As the Court explained above, Ms. Johnson has not established any grounds for reconsideration. If Ms. Johnson wishes to seek review of this Court's summary judgment order, she may do so through the appropriate appellate process. Accordingly, Ms. Johnson's Motion for Administrative Review will be denied.

## III.    <u>Motion to Recuse.</u>

Ms. Johnson's Motion to Recuse[39] seeks the recusal of Judge Scott M. Grossman based upon vague allegations of bias, failure to consider evidence, "procedural abuse," and ethical violations. However, Ms. Johnson's true complaint is with the Court's adverse rulings against her. This is not a basis for recusal.

As Judge Peter D. Russin recently explained in *In re Vital Pharmaceuticals*:[40]

> Federal judges are presumed to be impartial. That presumption may be overcome, but only in circumstances where a reasonable, fully informed observer would doubt the judge's ability to remain fair and neutral, or where a judge in fact harbors a personal bias or prejudice that

---

[38] Dkt. No. 152.
[39] Dkt. No. 154.
[40] *In re Vital Pharms., Inc.*, 2025 WL 1617545 (Bankr. S.D. Fla. 2025).

disqualifies them from presiding. Section 455 of Title 28 sets out two principal grounds for disqualification.

Under § 455(a), a judge must recuse "in any proceeding in which his impartiality might reasonably be questioned." This is an objective test. The question is not whether the party before the court believes the judge is biased, but whether a reasonable person, fully informed of the relevant facts, would harbor doubts about the judge's impartiality.

Under § 455(b)(1), recusal is required where a judge "has a personal bias or prejudice concerning a party." This provision refers to actual bias—not perceived bias—and it must arise from an extrajudicial source, meaning *it cannot be based solely on the judge's rulings, statements, or conduct in the case*. The Supreme Court has repeatedly emphasized that judicial rulings, even if harsh or erroneous, are almost never grounds for recusal.[41]

Ms. Johnson has not alleged any facts that would establish grounds for recusal under 28 U.S.C. § 455. Accordingly, her Motion to Recuse will be denied.

For the reasons discussed, it is **ORDERED** that:

1.    Ms. Johnson's Motion to Alter or Amend Judgment[42] is **DENIED**.

2.    Ms. Johnson's Motion for Administrative Review[43] is **DENIED**.

3.    Ms. Johnson's Motion to Recuse[44] is **DENIED**.

# # #

*Copies furnished to all interested parties by the Clerk of Court.*

---

[41] *Id.* at *3 (emphasis added) (internal citations omitted).
[42] Dkt. No. 150.
[43] Dkt. No. 152.
[44] Dkt. No. 154.